UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LAVONNE CECILIA FEHLHABER,

Petitioner,

v.

Sheriff CURT HAUGER,

Respondent.

Civil File No. 01-47 (MJD/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Amended Petition for habeas corpus relief under 28 U.S.C. § 2254.[1] (Docket No. 6.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Petitioner's application for a writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I. BACKGROUND

As far as the Court can tell,[3] Petitioner was convicted in Lake of the Woods County,

[1] Petitioner's original petition, (Docket No. 1), was returned pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases In The United States District Courts, because it was not submitted on the form prescribed by Local Rule 9.3. (See Order dated January 12, 2000; [Docket No. 4].) Petitioner was given an opportunity to file an Amended Petition, and she has now done so.

[2] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3] Unfortunately, Petitioner has provided a only a limited and rather muddled explanation of the procedural background of her state criminal case, so the Court's

FILED 2-5-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Minnesota, on February 24, 1999, on two state misdemeanor charges. She was found guilty of failing to produce proof of insurance and failing to possess a valid Minnesota driver's licence, and she was given a 40-day jail sentence. Evidently, Petitioner did not begin serving her sentence immediately after it was imposed, because the sentence was stayed pending the outcome of a post-judgment "Motion To Correct Illegal Sentence." It further appears that the "Motion To Correct Illegal Sentence" was denied on January 4, 2001, and that Petitioner started serving her 40-day sentence soon thereafter. When she commenced this action, she was in the custody of Respondent Curt Hauger, the Sheriff for Roseau County, Minnesota. It is not clear how much longer she expects to remain in custody.

In her present application for federal habeas corpus relief, Petitioner alleges that the state trial court judge forced her to go to trial without a lawyer. She is asking the federal court to vacate her conviction, and order Respondent to release her from custody immediately, because she was deprived of her Sixth Amendment right to have legal representation at her trial. However, the Court finds that Petitioner's claim cannot be entertained at this time, because she has not exhausted all available state court procedures for resolving her claim. It will therefore be recommended that the Amended Petition be summarily dismissed for non-exhaustion of state court remedies.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all

---

understanding of the case is based, to some extent, on reasonable inferences.

available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

As explained by the U.S. Supreme Court in Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam):

> "It has been settled for nearly a century [now well over a century] that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts.... [Citations omitted.] The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), [footnote omitted] serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.... [Citations omitted] An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."

To exhaust her state court remedies, a prisoner must fairly present her constitutional claims to the highest available state court before seeking relief in federal court. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"); O'Sullivan, 119 S.Ct. at 1732 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to

the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, Petitioner's Amended Petition clearly shows that she did not take a direct appeal following her conviction, nor did she appeal the trial court's denial of her Motion To Correct Illegal Sentence. Plaintiff has failed to explain why she could not seek review of her Sixth Amendment claim in the state appellate courts. Furthermore, even if Petitioner's claim can no longer be raised on direct appeal, (due to the passage of filing deadlines or for some other reason), she could still seek relief under the post-conviction motion remedy provided by Minn.Stat. § 590.01 et seq.[4] Because it appears that there are state court remedies still available to Petitioner, the Court finds that she has not satisfied the exhaustion requirement.

---

[4] Minn.Stat. § 590.01, subd. 1 provides that –

"Except at a time when direct appellate relief is available, a person convicted of a crime, who claims that:
(1) the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state; or
(2) scientific evidence not available at trial, obtained pursuant to a motion granted under subdivision 1a, establishes the petitioner's actual innocence;
may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate. Nothing contained herein shall prevent the supreme court or the court of appeals, upon application by a party, from granting a stay of a case on appeal for the purpose of allowing an appellant to apply to the district court for an evidentiary hearing under the provisions of this chapter. The proceeding shall conform with sections 590.01 to 590.06."

The Court has also considered whether the exhaustion requirement should be waived in this case. Petitioner seems to be arguing that she should be excused from the exhaustion requirement because it would be futile to seek relief by filing an appeal with the Minnesota Court of Appeals, or by filing a motion for post-conviction relief pursuant to Minn.Stat. § 590.01. She apparently has eschewed her state court remedies because she believes that a federal court is able to provide more speedy and effective redress for the alleged violations of her federal constitutional rights. If that is Petitioner's rationale, it will not suffice.

The relationship between the state and federal judicial systems in this country is based largely on the understanding that "State courts are 'equally bound to guard and protect rights secured by the Constitution.'" Duckworth, 454 U.S. at 3-4, quoting Ex parte Royall, 117 U.S. 241, 251 (1886). See also Wade v. Mayo, 334 U.S. 672, 679 (1948) ("State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). Petitioner has not shown that this federal district court is better suited than the Minnesota state courts to entertain and decide her present challenge to her state court conviction.[5] The state courts are fully capable of promptly resolving Petitioner's constitutional claim, and must be given the first opportunity to do so. Therefore, the Court rejects the notion that Petitioner should be excused from the exhaustion of state court remedies requirement.

---

[5] As a practical matter, it would seem that the state trial court, which must already be familiar with this case, is best situated to quickly rectify any violation of Petitioner's constitutional rights via a post-conviction motion.

For the reasons discussed above, the Court recommends that Petitioner's Amended Petition be summarily dismissed for non-exhaustion pursuant to Rule 4 of the Governing Rules. It is further recommended, however, that this action be dismissed without prejudice, so that Petitioner can bring her federal constitutional claims back to federal court, if necessary, after she has fully exhausted all available state court remedies. See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 6), be SUMMARILY DENIED; and

2. This action be DISMISSED WITHOUT PREJUDICE.

DATED: February 2, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.